UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **TIMOTHY GARZA**, an individual, and on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**WASTE CONNECTIONS OF FLORIDA, INC.**, a Delaware corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:21-cv-054<br><br>Judge:<br><br>Mag. Judge: |

## COLLECTIVE ACTION COMPLAINT

**NOW COMES** the Plaintiff, **TIMOTHY GARZA** ("GARZA"), on behalf of himself and all other similarly situated individuals, by and through undersigned counsel, and states the following for his Collective Action Complaint, and states as follows:

## CAUSES OF ACTION

1. This is an action for (i) unpaid overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and (ii) retaliation in violation of F.S. §440.205.

1

## PARTIES

2. **GARZA** is an individual and a resident of Florida who currently resides in Collier County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with **WASTE CONNECTIONS OF FLORIDA, INC.** ("**WASTE CONNECTIONS**" or "Defendant"). At all material times, **GARZA** has been employed by the Defendant as a driver. **GARZA** performed work for the Defendant in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **GARZA** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. **GARZA** consents to bring suit against Defendant under the FLSA. While performing services for the Defendant, **GARZA** was engaged in interstate commerce, including engaging in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). A great number of the customers **GARZA** served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. **GARZA** continued the flow of interstate commerce by, *inter alia*, generating services precedent to billing, which collected funds from out-of-state sources and banks and catering to seasonal visitors from out-of-state. **GARZA** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this

case. **GARZA** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant is a Delaware company and employed **GARZA** in Naples, Florida. Defendant has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant's employees are engaged in interstate commerce and their business model specifically involves garbage and waste removal services. Defendant is engaged in commerce within the meaning of the FLSA because, among other reasons, it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Defendant collects monies, a large portion of which is from out-of-state financial institutions. Defendant has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **GARZA**. Defendant supervised and controlled **GARZA**'s work schedules and conditions of employment, in addition to determining the rate and method of payment. Defendant maintains employment records of **GARZA**. Defendant's employees are engaged in interstate commerce as at least two of the Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce.

**GARZA** was engaged in interstate commerce because he (and at least two employees of the Defendant) handled goods that were moving in interstate commerce, and unloaded goods which came from an out of state supplier.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. This Court has supplemental jurisdiction over **GARZA**'s state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. The relevant time period for this action under the FLSA is a maximum of three years prior to date of filing ("Relevant Time Period").

8. Throughout the Relevant Time Period, Defendant operated waste removal services throughout the State of Florida. Defendant's operation

continues to date.

9. **GARZA** began his employment with the Defendant in November 2013 and worked as a driver until approximately September 21, 2020.

10. **GARZA** and the Collective Action Members are paid a "day rate" of $156.00 per day, regardless of the number of hours worked, even as each week **GARZA** worked between 53-56 hours.

11. While **GARZA** and the Collective Action Members are paid a flat rate for a day's work, that rate is cut in half or converted to an hourly rate if they work less than four hours in a day.

12. When **GARZA** and the Collective Action Members worked overtime hours, Defendant calculated the regular rate by dividing the total pay for the two-week pay period by the total number of hours worked and paying overtime wages at only a half time rate.

13. The day rate that Defendant paid **GARZA** and the Collective Action Members appears to be intended to pay them for a normal work day of 8 hours.

14. The "day rate" is cut in half when they work less than 4 hours.

15. A day rate plan requires a flat sum for a day's work without regard to the number of hours worked in the day. 29 C.F.R. §778.112. **GARZA** and the Collective Action Members were not paid a flat sum for a day's work without regard to the number of hours worked in the day in violation of the day rate provisions of the FLSA.

16. Because Defendant violated the day-rate method of paying wages and overtime compensation by not paying **GARZA** and Collective Action Members a full day rate when they work less than 8 hours in a day, Defendant violated the FLSA and must pay overtime wages at time and one-half for all overtime hours worked by **GARZA** and Collective Action Members.

17. Because Defendant's day rate pay practice violated the FLSA, Defendant should have calculated **GARZA**'s regular rate by dividing the 1⁄2 day rate of $78 by 4 (the maximum number of hours that 1⁄2 day rate was intended to compensate) or his full day rate of $156 by 8 (the number of hours the day rate was intended to compensate) or his full week's pay by 40 (the number of hours that 5-day's pay was intended to compensate).

18. The unlawful policies described in this Complaint applied to **GARZA** and all other Collective Action Members.

19. The unlawful policies described above include Defendant not paying a true day rate as Defendant required a certain number of hours to be worked on a given day in order to pay the full day's wage, and Defendants' payment of only half-time for overtime hours violates the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

20. **GARZA** brings FLSA claims on behalf of himself and the Collective Action Members who have worked for Defendant as drivers, however variously titled, anywhere in the State of Florida, between December 11, 2020 and the date

6

of final judgment in this matter who elect to opt-in to this action.

21. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate **GARZA** and the Collective Action Members in the manner described above. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendants within Florida and nationally, who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## COUNT I: ON BEHALF OF GARZA AND THE COLLECTIVE ACTION MEMBERS FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

22. Plaintiff hereby incorporates Paragraphs 1-21 in this Count as though fully set forth herein and brings this Count on behalf of himself and all others similarly situated.

23. Defendant, in failing to pay **GARZA** and the Collective Action Members time and a half overtime premium pay when they work more than forty hours per week, has violated the FLSA.

24. While dividing total pay by total hours worked, whatever their number, may be permissible for true "day rate" employees, Defendant does not pay a true "day rate." Defendant does not pay a "flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job..." 29 C.F.R. § 778.112. (emphasis added). Instead, Defendant pays one-half of their alleged "day rate" when **GARZA** and other Collective Action Members work between zero and four hours in a day. Accordingly, Defendant should have divided **GARZA**'s total pay by forty (40) hours to determine the regular rate of pay and paid for all overtime hours worked at time and a half of the regular rate of pay.

25. Defendant's failure to pay a time and a half overtime premium has been willful in that they knew that they were not paying a true and proper "day rate" as defined by 29 C.F.R. § 778.112 and yet used the half-time rate of overtime calculation nonetheless.

26. As a result of Defendant's violations of the FLSA, **GARZA** and the Collective Action Members have suffered damages and are entitled to recovery of such damages, liquidated damages, attorneys' fees, costs.

27. The Defendant also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

28. **GARZA** consents to sue in this action pursuant to 216(b) of the FLSA. Additional potential opt-in plaintiffs may execute and file forms consenting to "opt in" and joining as plaintiffs in this collective action.

29. A claim for relief for violations under the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) for all claims asserted by **GARZA** because the claims of **GARZA** are similar to the claims of the putative members of the Collective Action.

30. Potential opt-in members of the Collective Action are similarly situated. They have substantially similar pay provisions, and are subject to a common practice, policy or plan that deprives them of their lawful wages.

31. **GARZA**, and all others similarly situated, were subject to a company-wide policy that purposefully, or alternatively, negligently deprived them of wages for the applicable time under the statute of limitations.

32. **GARZA** will fairly and adequately represent and protect the interests of the members of the collective action. **GARZA** has retained counsel certified as an expert in labor and employment law and who is competent and experienced in FLSA litigation.

33. The claims of **GARZA** are similar to those of the potential opt-in plaintiffs, in that **GARZA** has been subjected to the same conduct as the potential opt-in plaintiffs of the Collective Action, and **GARZA**'s claims are based on the same legal theory as that of the potential opt-in plaintiffs.

34. While the exact number of potential opt-in plaintiffs is unknown to **GARZA** at the present, based on information and belief, there are potentially greater than 300 such members. Thus, a collective action is the most efficient mechanism for resolution of the claims.

35. **GARZA**'s FLSA claims are maintainable as a Collective Action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, on behalf himself and all putative members of the proposed Collective Action, prays for relief as follows:

i. Designation of this action as a collective action on behalf of the proposed FLSA collective plaintiffs asserting FLSA claims and prompt issuance of the notice pursuant to 29 U.S.C. 216(b) to all similarly situated members of the FLSA opt-in action, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b), and a tolling of the statute of limitations on the FLSA collective action plaintiffs' claims until the FLSA potential opt-in plaintiffs are provided with a reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as plaintiffs;

ii. Designation of Plaintiff as representative of the FLSA Collective Action;

iii. A declaratory judgment that the practices complained of are unlawful under the FLSA 201 et. seq.;

iv. An injunction against Defendant and all other persons acting in concert with it, from engaging in each of the unlawful acts, policies, practices, etc., set forth herein;

v. An award of damages, including lost wages, liquidated and exemplary damages, and waiting time penalties and other statutory penalties;

vi. That Plaintiff and others similarly situated, be granted judgment against Defendant for all costs of this action, including expert fees and reasonable attorneys' fees, costs, disbursements, and interests;

vii. Pre-judgment and post-judgment interest as provided by law;

viii. For such other and further legal and equitable relief as this Court deems necessary, proper, and just.

## COUNT II: DEFENDANT'S VIOLATION OF F.S. §440.205 AS TO GARZA ONLY

36. Plaintiff reincorporates and re-alleges paragraphs 1-3, 5-6 and 9 as though set forth fully herein.

37. Defendant was **GARZA**'s employer within the definitions incorporated into F.S. §440.205.

38. **GARZA** has always performed his assigned duties in a professional manner and was very well qualified for his position.

39. **GARZA** always received very good performance reviews from the Defendant until he suffered a workplace injury on September 9, 2020, for which

a valid claim for worker's compensation benefits was filed.

40. **GARZA**'s injuries were sustained due to a motor vehicle accident for which **GARZA** was found to be <u>not</u> at fault.

41. However, almost immediately after filing the worker's compensation claim, the Defendant began retaliating against **GARZA**, which included quizzing him about his worker's compensation claim and the results of medical testing related to the same.

42. On September 21, 2020, the Defendant suddenly – and without warning – informed **GARZA** that he was terminated.

43. Upon information and belief, the Defendant then replaced **GARZA** with an inexperienced and less qualified person outside of his protected class.

44. The Defendant has violated F.S. §440.205.

45. Prior to his worker's compensation injury, **GARZA** had received consistently good performance reviews and had not been subjected to discipline.

46. **GARZA**'s filing of a worker's compensation claim, workplace injury and need for treatment for his workplace injury are the direct and proximate causes of the Defendant's termination of his employment.

47. As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.105, **GARZA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic

damages for physical injuries, mental and emotional distress.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: January 21, 2020         **/s/ Benjamin H. Yormak**
                                Benjamin H. Yormak
                                Florida Bar Number 71272
                                Trial Counsel for Plaintiff
                                Yormak Employment & Disability Law
                                9990 Coconut Road
                                Bonita Springs, Florida 34135
                                Telephone: (239) 985-9691
                                Fax: (239) 288-2534
                                Email: byormak@yormaklaw.com