UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY GARZA,

    Plaintiff,

v.                                                            Case No. 2:21-cv-54-SPC-NPM

WASTE CONNECTIONS OF
FLORIDA, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is a Joint Motion for Approval of Settlement (Doc. 23). The parties request the Court approve the settlement of the Fair Labor Standards Act claim in this action (Doc. 23) and ask that the Court dismiss the case with prejudice (Doc. 21; Doc. 23 pp. 4-5). Based on a careful review of the parties' submissions and the Court file, this report recommends approval of the FLSA Settlement Agreement.

Plaintiff Timothy Garza brought this action on behalf of himself and others similarly situated[1] to recover unpaid overtime wages from Defendant Waste

---

[1] With no certification of any collective action, the litigation and resolution of this matter have no effect on the claims or defenses of any other potential claimants.

Connections of Florida, Inc. under the FLSA (Doc. 1).[2] Waste Connections denies any wrongdoing and maintains Garza received proper compensation for all hours worked. (Doc. 23, p. 4; Doc. 23-1, p. 5). To avoid any risk about the enforceability of its release of rights under the FLSA, the parties seek Court approval of their settlement.

To approve a settlement, "the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citations omitted). Both parties were represented by competent and experienced counsel throughout the case, and they agree the settlement represents a reasonable compromise. (Doc. 23, pp. 3-5). Under the Settlement Agreement, Garza will receive: (1) $1,548.00 in back overtime wages; (2) $1,548.00 in liquidated damages; and (3) $2,000 for attorneys' fees and costs, which were agreed upon separately from the amount paid to Garza. (Doc. 23-1, p. 4; Doc. 23, p. 4). Garza and his counsel discussed his alleged unpaid wages and pay rate and formulated their own proposed settlement figures. The parties then engaged in good faith settlement discussions at mediation, and negotiated a settlement representing full satisfaction of Garza's

---

[2] The Complaint also included another claim as to Garza only under Florida's Coercion of Employees statute, Fla. Stat. § 440.205. (Doc. 1). The parties have entered into a separate, confidential agreement governing any other claims arising out of Garza's employment (including Count II of the Complaint), and Garza has been provided separate consideration for his release of such claims. (Doc. 23, pp. 3, 5).

claims. (Doc. 23, p. 4). Finally, the parties agree to an amount of attorneys' fees and costs separate and apart from the amount sought by Garza. (Doc. 23, p. 4).

Accordingly, the Court finds there was no undue influence, overreaching, collusion or intimidation in reaching this settlement. Moreover, on its face, the settlement appears to be a fair, adequate, and reasonable resolution of a bona fide dispute between the parties.

Accordingly, it is respectfully **RECOMMENDED**:

1) The Joint Motion for Approval of Settlement Agreement (Doc. 23) be **GRANTED** to the extent the parties seek approval of their settlement and dismissal of this case.

2) The Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Reported in Fort Myers, Florida on July 12, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**